Filed 5/27/22  S.S. v. J.D. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| S.S., | C094418 |
| Respondent, | (Super. Ct. No. STAFLDVWO20200000751) |
| v. | |
| J.D., | |
| Appellant. | |

Appellant J.D. appeals from the trial court's order renewing a domestic violence restraining order (DVRO) issued against him to protect his former girlfriend S.S.  He contends the trial court erred in (1) finding a single act of abuse was sufficient to justify the DVRO, (2) reissuing the DVRO despite a substantial change in circumstances, and (3) refusing to modify the DVRO.  Finding no error, we will affirm the trial court's order.

BACKGROUND

On February 13, 2020, S.S. filed her original request for a DVRO. The request sought protection for her and her adult daughter A.W. and asked that J.D. be ordered to move out of the home they shared.

The DVRO request alleged that on January 17, 2020, J.D. yelled at S.S. and blocked her bedroom door so she could not leave. When he left the room, S.S. attempted to close her door, but J.D. kicked the door open and pushed S.S. into the closet. J.D. yelled at S.S., calling her names and demanding her phone. She refused but J.D. took the phone and said she could have it back when she paid for it. S.S. alleged J.D. had threatened her job and her daughter. According to S.S., J.D. said she could not make him leave.

The request further alleged that on February 11, 2020, J.D. berated her when she arrived home. Rather than argue with him, S.S. tried to leave in her car. J.D. followed her to the car, his anger escalating. He attempted to open her car door and demanded she give him her phone. S.S. called out for someone to contact the police, and J.D. retorted that no one was going to help her. Noticing a passing car, S.S. attempted to get the attention of the motorist, and in so doing, got out of her car. J.D. reached into her car and took her phone. S.S. asked J.D. to return her phone, but he refused, stating she could have it back when she paid for it. S.S. left and contacted the police.

Following a hearing that included testimony from S.S. and J.D., the trial court granted S.S.'s request for a DVRO on March 5, 2020. The order required J.D. to (1) immediately move out of the shared property, (2) stay at least 100 yards away from S.S., (3) not contact S.S., and (4) not harass, destroy personal property of, or disturb the peace of S.S. The order was set to expire March 5, 2021.

On February 17, 2021, S.S. filed a request to renew the DVRO against J.D. The renewal request attached police reports and a response to a public records request. The trial court extended protective coverage until a renewal hearing scheduled for May 19,

2021. At the May hearing, S.S. testified that J.D. had violated the DVRO six times, including going to S.S.'s place of employment. S.S. presented Gmail and Facebook messages sent to her by J.D. S.S. was still afraid of J.D. and had installed video surveillance at her home.

The trial court noted that J.D. had an outstanding warrant for contempt of court arising from an incident on April 21, 2020, and that the district attorney had filed a complaint. In light of this, the trial court advised J.D. of his Fifth Amendment right not to testify and possibly incriminate himself. J.D. chose to testify. He explained that he could not have been at S.S.'s home at the complained-of time because it conflicted with his work schedule. He also denied messaging S.S. on Facebook or ever going to her work. J.D. admitted e-mailing S.S. in an attempt to arrange a time to pick up his belongings from her home and indicated that their dispute over those belongings had ended up in small claims court.

According to the trial court, the security personnel at S.S.'s workplace said they had J.D. on video. Based on S.S.'s testimony, it found by a preponderance of the evidence that she continues to entertain a reasonable apprehension of future abuse. The trial court granted the renewal request, issuing a three year DVRO.

APPLICABLE LAW AND STANDARD OF REVIEW

"[Family Code] [s]ection 6345, subdivision (a) provides that a trial court may renew a restraining order 'upon the request of a party, either for five years or permanently, without a showing of any further abuse since the issuance of the original order, subject to termination or modification by further order of the court either on written stipulation filed with the court or on the motion of a party. . . .' When contested, a request to renew a restraining order should not be granted pursuant to section 6345 simply because the requesting party has 'a subjective fear the party to be restrained will commit abusive acts in the future.'" (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 873-874 (*Rybolt*).) "However, an imminent and present danger of abuse is not required."

3

(*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 332, citing *Ritchie v. Konrad* (2004) 115 Cal.App.4th 1275, 1288.)  Rather, renewal of a DVRO requires a finding, by a preponderance of the evidence, that there is a " 'reasonable apprehension' of future abuse." (*Ritchie*, at pp. 1279, 1283, 1290; accord, *Lister*, at p. 333.)  "[T]his does not mean the court must find it is more likely than not future abuse will occur if the protective order is not renewed.  It only means the evidence demonstrates it is more probable than not there is a sufficient risk of future abuse to find the protected party's apprehension is genuine and reasonable." (*Ritchie*, at p. 1290; accord *Lister*, at p. 333.)

" 'We review the trial court's [DVRO] ruling under an abuse of discretion standard, to determine " 'whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " ' [Citation.]" (*Rybolt*, *supra*, 20 Cal.App.5th at pp. 874-875.)  " 'However, the question of "whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law [citation] requiring de novo review." [Citation.]' [Citation]." (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 509 (*Ashby*).)

"To the extent that we are called upon to review the trial court's factual findings, we apply a substantial evidence standard of review." (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1505 [applying substantial evidence standard on appeal from denial of application to terminate DVRO issued under Fam. Code, § 6345].)  Accordingly, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)  Appellant maintains the burden of affirmatively demonstrating trial court error. (*Ashby, supra*, 68 Cal.App.5th at p. 509.)

4

DISCUSSION

I

J.D. contends the trial court erred in finding that a single act of abuse was sufficient to justify the DVRO. He claims the only evidence relied upon by the trial court in support the renewal of the DVRO was a single, unreviewed e-mail between the parties. Not so.

S.S. provided police reports with her renewal request documenting her complaints of alleged violations of the DVRO. S.S. brought those reports, along with copies of Gmail and Facebook messages, to the hearing, and the trial court reviewed them. S.S. then testified at the renewal hearing regarding the violations and her continuing fear of J.D. The testimony of a single witness may constitute substantial evidence supporting the renewal of a DVRO (*Ashby, supra*, 68 Cal.App.5th at p. 517), and the trial court expressly relied on S.S.'s testimony in granting her request.

J.D. challenges the trial court's comment at the hearing that S.S. did not have to affirmatively prove violation of the existing DVRO. But that is an accurate statement of the law. (See *Rybolt, supra*, 20 Cal.App.5th at pp. 875-876 [while evidence of restraining order violations is relevant to a renewal request, such evidence is not required for renewal]; accord *Ritchie, supra*, 115 Cal.App.4th at p. 1284.)

II

J.D. next argues the trial court erred in reissuing the DVRO despite a substantial change in circumstances. He claims he moved out of S.S.'s residence and there have been no further verbal altercations between them.

There is no dispute that S.S. and J.D. no longer live together. Part of the relief originally granted to S.S. was a move out order requiring J.D. to leave their shared residence. Nevertheless, in addition to the reports documenting appellant's violations of the DVRO, J.D.'s own testimony established continuing acrimony between S.S. and J.D. J.D. has not established that the trial court abused its discretion. (See *Ashby, supra*,

5

68 Cal.App.5th at p. 517 [noncompliance with DVRO supported claim of feared future abuse given continuing hostility of ex].)

### III

J.D. further contends the trial court erred in refusing to modify the DVRO. He does not explain, however, what modification was sought or why the trial court should have granted it. As a result, his contention fails. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [appellant must affirmatively demonstrate error through "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"].)

### DISPOSITION

The order renewing the domestic violence restraining order is affirmed.


/S/
MAURO, J.

We concur:


/S/
BLEASE, Acting P. J.


/S/
HULL, J.

6